**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1765-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENNETH HOUSEKNECHT,

    Defendant-Appellant.

_____

> Submitted October 5, 2020 – Decided October 21, 2020
>
> Before Judges Sabatino and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 89-08-0605.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Carol M. Henderson, Assistant Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Kenneth Houseknecht appeals the trial court's November 29, 2018 decision denying his motion to correct an allegedly illegal life sentence imposed on him in 1991. He contends the life sentence is illegal because he was only the age of fourteen at the time of the offenses. The trial court rejected his argument and we affirm that determination.

This is the pertinent background. After being waived to adult court as a fourteen-year-old juvenile pursuant to the then-applicable waiver statute, N.J.S.A. 2A:4A-26, defendant was convicted of first-degree murder in July 1991. The State's proofs showed that defendant stabbed his twelve-year-old neighbor ninety-five times. He was sentenced in September 1991 to an aggregate term of life imprisonment, with thirty years of parole ineligibility. His convictions and sentence were upheld on direct appeal in the 1990s, and thereafter reaffirmed on applications for post-conviction relief.

In 2015, the Legislature repealed N.J.S.A. 2A:4A-26, and replaced it with Section 26.1, L. 2015, c. 89, §§ 1-7. The new waiver statute raised the age at which a juvenile could be waived to adult court by a motion from the prosecutor's office from fourteen to fifteen years old. N.J.S.A. 2A:4A-26.1(c)(1).

The Legislature declared that Section 26.1 "shall take effect on the first day of the seventh month following enactment." L. 2015, c. 89, § 7. That effective date was March 1, 2016.

Defendant moved in the Criminal Part to correct an illegal sentence in July 2018, claiming he was entitled to resentencing as a juvenile in the Family Part because N.J.S.A. 2A:4A-26.1(c)(1) should retroactively apply to his case. Defendant was not yet fifteen at the time of the murder.

Judge M. Christine Allen-Jackson denied defendant's motion in a written opinion and accompanying order. The judge relied on this court's opinion in State v. Bass, 457 N.J. Super. 1 (App. Div. 2018), where we held that the new waiver statute did not retroactively apply to "concluded cases which have already passed through the proverbial 'pipeline.'" Id. at 12.

On appeal, defendant presents the following arguments for our consideration:

> POINT I.
>
> RETROACTIVE APPLICATION OF THE LAW BARRING THE WAIVER OF 14-YEAR-OLDS FROM FAMILY COURT TO ADULT COURT IS REQUIRED BECAUSE THE LAW IS PROCEDURAL AND AMELIORATIVE IN NATURE, AND BECAUSE RETROACTIVITY IS NEEDED AS A MATTER OF FUNDAMENTAL FAIRNESS.

A. The Court failed to consider the procedural nature of the waiver law, which requires retroactivity.

B. The Court and Bass Panel's conclusion that the Legislature did not intend for the Waiver Law to apply to cases that have passed through the "Proverbial Pipeline" ignore the Law's Ameliorative purpose in no longer treating 14-year-olds like adults.

C. Retroactive application of the Waiver Law is required as a matter of fundamental fairness.

The Supreme Court's recent June 2020 opinion in State v. J.V., 242 N.J. 432 (2020), squarely decides the retroactivity issue in this appeal. The Court in J.V. held that N.J.S.A. 2A:4A-26.1 does not retroactively apply to cases where the juvenile was waived to adult court and sentenced before Section 26.1's effective date in March 2016. As the Court plainly instructed, "[w]e hold that a juvenile who was waived to adult court, pled guilty, and was sentenced long before Section 26.1 became effective cannot claim the benefit of the new juvenile waiver statute." Id. at 448.

The trial court's denial of resentencing relief to defendant in this case is consistent with the holdings in J.V. and Bass. Defendant's arguments fail as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1765-18T4